UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEMUN D. WALKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:07CV01859 ERW |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent. | ) |

**ORDER AND MEMORANDUM**

This matter is before the Court upon petitioner DeMun D. Walker's application for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2554. Having reviewed the amended petition [Doc. #6] and supplemental petition [Doc. #8], the Court will order petitioner to show cause as to why the Court should not dismiss this action as time-barred under 28 U.S.C. § 2244(d)(1).

**The amended petition and supplemental petition**

Petitioner, an inmate at the Eastern Reception, Diagnostic and Correctional Center, seeks release from confinement pursuant to 28 U.S.C. § 2254. Petitioner states that he is challenging his November 20, 2001 conviction for unlawful use of a weapon, stealing a motor vehicle, and

burglary, imposed by the Circuit Court of St. Louis County, Missouri, as well as the revocation of his probation on October 24, 2002.[1]

On or about March 6, 2006, petitioner filed a motion for reduction of sentence in the St. Louis County Circuit Court; the motion was denied on March 16, 2006. See State of Missouri v. Walker, No. 2101R-03893-01; Missouri Case.net, *available at* http://www.courts.mo.gov/casenet/cases/searchDockets.do. In late December 2006, petitioner filed a request for "additional allegations evidentiary review," a "pleading with due diligence," a "free standing claim of innocence of burglary," an "attack on conviction of burglary," and a "motion requesting respondent to respond to petitioner's writ of habeas corpus," all of which the Circuit Court denied on January 11, 2007. See id. On March 27, 2007, petitioner filed a petition for writ of habeas corpus with the Missouri Supreme Court; on April 13, 2007, he filed a motion for judgment on the pleadings; and on May 1, 2007, the Missouri Supreme Court denied his petition for writ of habeas corpus and overruled as moot his motion for judgment on the pleadings. See Walker v. State of Missouri, No. SC88406-SXR (Mo.S.Ct. 2007); MissouriCase.net, *available at* http://www.courts.mo.gov/casenet/cases/searchDockets.do. On October 19, 2007, petitioner filed in the St. Louis County Circuit Court a "motion to withdraw guilty plea pursuant to Rule 29.07 and set aside judgment." See

---

[1]In addition, petitioner asserts claims for the alleged violation of his constitutional rights under 42 U.S.C. §§ 1983 and 1985. It is a well-settled principle that a habeas corpus petition is the appropriate means to challenge the "actual fact or duration" of one's confinement, see Heck v. Humphrey, 512 U.S. 477, 481 (1994), whereas a civil rights claim is the proper means to challenge the "conditions" of one's confinement. See Viens v. Daniels, 871 F.2d 1328, 1333 (7th Cir. 1989); see also White v. Gittens, 121 F.3d 803, 807, n. 3 (1st Cir. 1997) (noting applicability of general rule to § 1983 actions for both declaratory relief and monetary damages). Thus, to the extent that petitioner is seeking monetary and declaratory relief for the violation of his constitutional rights, his recourse is not in habeas corpus.

State of Missouri v. Walker, No. 2101R-03893-01; MissouriCase.net, *available at* http://www.courts.mo.gov/casenet/cases/searchDockets.do. The Circuit Court denied the motion on November 13, 2007. Id.

In the instant action, petitioner asserts numerous claims of ineffective assistance of counsel. In addition, he claims that his burglary conviction "was nothing more than domestic assault," "1-count of stealing a motor vehicle was not an act of criminal behavior," and "unlawful use of a weapon (exhibiting) is unfounded conjecture." Regarding the revocation of his probation, petitioner asserts that he did not violate a special condition of probation, and that the Court's finding that he had made indirect contact with certain persons "was too discretionary."

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that it appears to be time-barred under 28 U.S.C. § 2244(d)(1)[2] and is subject to summary dismissal. As previously stated, petitioner is challenging his November 20, 2001 criminal conviction, as well as the revocation of his probation on October 24, 2002. It was not until March 2006 that petitioner first filed a motion for reduction of sentence in state circuit court; and, it was not until March 27, 2007, that he filed a petition for writ of habeas corpus with the Missouri Supreme Court.[3] Petitioner claims that the one-year limitations

---

[2] Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

[3] The filing of such motions cannot resurrect an otherwise procedurally-defaulted claim. See Anderson v. White, 32 F.3d 320, 321 n.2 (8th Cir. 1994).

3

period does not bar the instant petition, because (1) after the Mental Health Division discontinued his "anti-psychotic meds . . . [he] fully reconized [sic] that [the Courts acted] manifestly unjust[ly], committing a grave miscarriage of justice"; (2) he did not know how to proceed "by way of post convictions Mo. Supreme Court Rule 24.035"; and (3) he was abandoned by the public defender's office, and the "Courts should have found that ineffective assistance of counsel exist[ed]."

It is axiomatic that equitable tolling of the AEDPA's one-year limitations period for filing a petition for writ of habeas corpus in federal court requires "extraordinary circumstances." See, e.g., Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling proper only when extraordinary circumstances beyond prisoner's control make it impossible to file timely petition). Petitioner's claims relative to the timeliness of the instant action do not establish extraordinary circumstances required for equitable tolling; they are wholly conclusory and unsupported by any evidence. See Rios v. Mazzuca, 78 Fed.Appx. 742 (2nd Cir. 2003)(no tolling due to prisoner's alleged mental illness where he produced no documentation showing that during period in which he could have filed federal habeas petition he was so incapable of rational thought that he could not appreciate his situation, or he lacked the wherewithal to ascertain he must take legal steps); Brown v. McKee, 232 F.Supp.2d 761 (E.D.Mich. 2002)(no equitable tolling where petitioner failed to identify mental illness, the fact he had been receiving psychotropic medications actually weighed more in favor of being able to function than not, and during the time he was receiving the medications, he was nonetheless able to file several post-conviction motions in state courts).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant habeas petition appears to be time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action as time-barred.

**IT IS FURTHER ORDERED** that petitioner's claims for the alleged violation of his constitutional rights under 42 U.S.C. §§ 1983 and 1985 are **DISMISSED**, without prejudice.

A separate order of partial dismissal shall accompany this order and memorandum.

So Ordered this 3rd ay of March, 2008.

_____
**E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE**